*Formatted for Electronic Distribution*                                                    *Not for Publication*

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF VERMONT**

_____

In re:

      **R & G Properties, Inc.,**                                       **Chapter 11 Case**
              **Debtor.**                                              **# 08-10876**

_____

*Filed & Entered
On Docket
April 30, 2009*

**FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER
GRANTING THE RECEIVER'S APPLICATION FOR COMPENSATION AND EXPENSES
WITH MINOR REDUCTIONS**

        John Wilking (the "Receiver") was appointed by the Vermont state court to serve as a receiver of the Debtor's assets in 2006 and was then authorized to continue in that capacity after this bankruptcy case was filed, by Order of this Court dated September 30, 2008 (doc. # 25) and Order of the U.S. District Court dated November 21, 2008 (doc. # 61). On February 12, 2009, Mr. Wilking filed a Motion for Approval of [Post-Petition] Compensation for Services Rendered and Costs and Expenses Incurred (filed as doc. # 80 and re-filed on February 17, 2009 as doc # 81). On March 3, 2009, the Receiver filed an Addendum to disclose more detail regarding the expenses incurred (doc. # 87). All three documents are, together, hereafter referred to as the "Application." The Application seeks $45,908.63.

        On March 24, 2009, the Debtor filed an Objection to the Application (doc. # 137), setting forth three arguments. First, the Debtor asserts that the Receiver should not be reimbursed for the attorney's fees he incurred because he failed to have his retention of those attorneys approved by the Bankruptcy Court, as required by 11 U.S.C. §§ 327 and 330. Second, the Debtor contends that the records the Receiver has filed in support of his Application are insufficient and fail to meet the disclosure and format requirements for allowance of professional compensation in this Court, relying upon In re Fibermark, 349 B.R. 385 (Bankr. D. Vt. 2006). In this regard, the Debtor points to the attorney's timesheets submitted in support of the Application and observes that the Receiver's counsel (i) uses one-quarter hour minimum billing increments in violation of this Court's requirement for a minimum increment of one-tenth hour; (ii) "lumps" together several tasks in a single billing entry on timesheets, in contravention of the U.S. Trustee Guidelines; (iii) provides insufficient detail as to the subject of the research and communications (due primarily to redacting); and (iv) did not compile the time sheets contemporaneously. Third, the Debtor insists that the fees the Receiver seeks to be paid and the expenses he seeks to have reimbursed are not reasonable, focusing in particular upon the magnitude of the monthly management fee and what the Debtor perceives to be the Receiver's inappropriate billing for items that are properly categorized as "overhead" under the Debtor's reading of the Fibermark case.

1

On March 30, 2009, the Receiver filed a Reply in further support of his Application (doc. # 140) in which he argues primarily that the Debtor's focus on case law under § 330 is misplaced and that the jurisprudence that determines his right to compensation is instead found under § 543(c)(2) (the statute authorizing the state court appointed receiver to stay in place and in control of all of the Debtor's assets even after the Debtor filed the instant chapter 11 bankruptcy case). It is the Receiver's position that allowance of his compensation is determined by the state court order appointing him, which was adopted by this Court in its September 30, 2008 Order (doc. # 25). The Receiver also argues that he has filed monthly operating reports each month setting forth all expenses incurred and paid, and that "[t]o now require Receiver and his counsel to reinvent their fee structures and billing records is to unfairly penalize the Receiver for relying upon the prior Orders of this Court and the apparent consent of the parties to his fees and expenses" (doc. # 140, p. 2).

On March 31, 2009, the Court held a hearing on the Application and the Debtor's Objection. At that hearing, the Office of the U.S. Trustee, the Debtor, the Receiver, and Capmark Financial Services, Inc. (the Debtor's primary creditor) appeared. The Receiver and Capmark supported the Application, the Debtor opposed the Application, and the U.S. Trustee took no position. At the conclusion of arguments, the Receiver's counsel offered to provide unredacted copies of the Receiver's attorneys' timesheets for in camera review. The Court accepted that offer and has reviewed those records in camera.

This Order is entered to address the narrow question of whether and to what extent the Receiver is entitled to be paid the fees and reimbursed the expenses set forth in the Application.

This Court has jurisdiction over this issue pursuant to 28 U.S.C. §§1334 and 157(b)(2)(A).

After reviewing the record, and in particular the documents referenced above, and taking into account the arguments of the parties and pertinent case law, the Court concludes that the Receiver is entitled to allowance of most of its Application. In reaching that conclusion, the Court relies upon the following constellation of unusual circumstances present in this case, as the foundation for its ruling.

(1) It is rare that a bankruptcy case gets filed with a receiver in control of a debtor's assets and even rarer that the receiver remains in place throughout the bankruptcy case.

(2) The Receiver has operated the business, and taken compensation for himself and his attorneys, in a manner consistent with the state court Order appointing him (dated September 25, 2006).

(3) Upon the filing of the instant bankruptcy case, this Court temporarily waived the requirement that the Receiver comply with § 543(c)(d) (in the Order dated September 30, 2008, doc. # 25) thus continuing the Receiver in place for the first sixty days of this case. Once the Court did that, the Receiver was entitled to be compensated for his services and reimbursed for his expenses under § 543(c)(2).

(4) When this Court lifted that waiver and directed the Receiver to turn over possession and control of the

2

Debtor's assets to the Debtor (by Memorandum of Decision entered November 21, 2008, doc. # 58, slip op., 2008 WL 4966774), the primary creditor obtained an order of the District Court (also entered on November 21, 2008, doc. # 61) staying that order, thus resulting in the Receiver remaining in place through the present date, continuing to render services, and continuing to incur expenses, including attorney's fees.

(5) Until the filing of the Application, the Receiver operated the Debtor's business without objection or criticism by any party.

Against this backdrop, the Court makes the following findings of fact and conclusions of law:

A. The Receiver fully complied with the requirement to file monthly operating reports, and those reports set forth all fees and expenses that are contained in the Application. The reports the Receiver filed were thorough, clear, and easy to read. No one interposed an objection to the fees set forth in those reports prior to the filing of the Application. The U.S. Trustee did not object to the Application. The burden was on any party who had an objection to the content of the reports to object at the time the reports were filed, especially if that party perceived the fees charged or services rendered to be outside the scope of what was allowable or proper in a bankruptcy case. In re 400 Madison Ave. Ltd. P'ship, 213 B.R. 888, 898 (Bankr. S.D.N.Y. 1997).

B. The state court order authorized the Receiver to retain counsel. He retained counsel prior to the date the Debtor sought relief under Title 11, United States Code, and the Application does not seek allowance for attorney's fees other than for the attorneys who were approved by the state court.

C. The Receiver has the status of a custodian under § 543, and therefore is entitled to "reasonable" compensation for the services he and his professionals rendered this case under § 543(c)(2). In re Synergy Properties, Inc., 130 B.R. 700, 705 (Bankr. S.D.N.Y. 1991).

D. The determination of what is "reasonable" is a question of federal law and is to be determined by the standards established by bankruptcy law, not state law. 400 Madison Ave., 213 B.R. at 897 (citing Gross v. Irving Trust, 289 U.S. 342, 345 (1933)); Synergy Properties, 130 B.R. at 704.

E. While the terms of the pre-petition state court order appointing the Receiver control with regard to the duties, powers and rights of the Receiver, including the Receiver's right to retain counsel, with respect to retention and compensation of professionals, "the bankruptcy court has the supervisory power over a receiver [acting in a bankruptcy case] and supersedes the authority of the state or federal court which appointed the receiver." 400 Madison Ave., 213 B.R. at 898.

F. This Court put the parties on notice that it would rely upon the baseline rule of 400 Madison Ave. that the role of the Receiver was defined by the state court order appointing him, and that federal

3

law would apply with respect to professional fees. In its November 21, 2008 Order, the Court said: "Stated another way, the bankruptcy court does not have leave to change the scope of responsibilities placed upon the receiver by the state court **except where specifically mandated by the Bankruptcy Code (<u>e.g.,</u> §§ 327, 330, 331**, 543(b))" (doc. # 58, p. 6) (emphasis added).

G. The burden is on the Receiver to establish that the fees and expenses he seeks were actually incurred, were necessary, and were of benefit to the estate. In re S.T.N. Enterprises, Inc., 70 B.R. 823, 831-32 (Bankr. D.Vt. 1987). The Receiver has generally met this burden.

H. This Court reviews the "reasonableness" of the Receiver's Application by reference to the quality and extent of services he and his attorneys performed, and with an eye to ensuring that the compensation and reimbursement granted are commensurate with fees and reimbursement granted to bankruptcy professionals who perform similar services. In re Gomes, 19 B.R. 9, 11-12 (Bankr. D.R.I., 1982)

I. The factors that the Court considers in determining whether the compensation being sought by the Receiver and his attorneys is reasonable are similar to those the Court would consider in determining the compensation of an attorney or other professional under 11 U.S.C. §§ 330 and 503(b), and this Court's Local Rules. Synergy Properties, Inc., 130 B.R. at 704.

J. This Court will not penalize attorneys, receivers or other professional persons, on the basis of hindsight, but rather will measure "reasonableness" and "benefit" prospectively, as of the date the services were rendered. In re Sevitski, 161 B.R. 847, 856 (Bankr. N.D.Okla. 1993). This applies to the preparation of a fee application as well as to the quality of the services rendered.

K. The timesheets filed by the Receiver and his attorneys do not set forth the level of specificity required by the local rules, the Fibermark case, and U.S. Trustee Guidelines with respect to "lumping" and minimum time intervals, but otherwise do set forth a sufficient description of the services rendered for the Court to reach a conclusion as to the Application's reasonableness.

L. "When this Court analyzes applications seeking payment of fees from a chapter 11 bankruptcy estate, it strives to balance the fiduciary obligation of a debtor to spend its limited assets in a judicious fashion so as to maximize the ultimate distribution to its creditors against the importance of compensating the professionals who advise the chapter 11 debtor fairly, so as to encourage competent and experienced professionals to continue to participate in chapter 11 cases. . . . It is in the best interest of the estate to compensate professionals commensurate with their expertise and the benefit their efforts yield to the estate." Fibermark, 349 B.R. at 395-96.

M. No party has presented any proof, and this Court does not find, that the professionals seeking compensation failed to perform their duties in a competent fashion or lack the requisite expertise

4

to be paid the hourly rate or amount of fees they seek. Hence, the Court will not deny fees or expenses on that basis.

N. Exceptions to the general rules for allowing compensation in bankruptcy cases may be made in the Court's discretion when considering application of attorneys for a state court appointed receiver who then serves as a custodian in a bankruptcy case. <u>400 Madison Ave.</u>, 213 B.R. at 897-98.

O. Where, as here, the Receiver is not experienced in preparing fee applications in bankruptcy cases, the Court has discretion to waive compliance with some of the formalities normally imposed on fee applications, where the Court finds that: (i) the information needed to discern the reasonableness of the fees and expenses is adequately set out; (ii) to elevate the form of the application over its substance would result in manifest injustice as to the applicants; and (iii) waiver of some of the formal requirements will cause no actual prejudice to the estate or any party. The Court so finds.

P. The Court has considered all objections raised by the Debtor and to the extent not specifically sustained herein, the Court finds them to be without merit.

Therefore, IT IS HEREBY ORDERED that the Application is allowed in all respects except that, to comport with rules that limit allowance of travel time to one-half the applicant's usual hourly billing rate and that require a minimum billing increment of one-tenth of an hour, the Receiver and his attorneys must reduce their fees as follows:

1. the fees allocable to all time entries in the amount of 0.25 hours shall be reduced by 50%*; and
2. all fees allocable to travel time shall be reduced by 50%.

IT IS FURTHER ORDERED that the Receiver shall file a proposed Order For Allowance of Fees and Expenses that specifies the exact amount of fees and expenses allowed, consistent with this ruling, and an affidavit showing the computation thereof.

IT IS FURTHER ORDERED that all future fee applications by the Receiver shall set forth descriptions in a manner that does not "lump" together services and uses minimum billing increments of one-tenth hour.

IT IS FURTHER ORDERED that any objections interposed by the Debtor that are not specifically sustained or addressed herein are overruled.

April 30, 2009                                                 Colleen A. Brown
Rutland, Vermont                                   United States Bankruptcy Judge

---

* This reduction is imposed to offset the "excess" fees that may have been included in the total fees sought due to the fact that all time entries are rounded up to the nearest quarter hour. At this point in time it is not possible to know how much rounding occurred, or the cost of this rounding, and therefore the Court finds application of this approach to be the fairest and most practical remedy.

5