*Formatted for Electronic Distribution*                                                                                      *Not for Publication*

UNITED STATES BANKRUPTCY COURT
DISTRICT OF VERMONT

Filed & Entered
On Docket
July 6, 2009

_____

In re:

    R & G Properties, Inc.,                                                             Chapter 11 Case
        Debtor.                                                                           # 08-10876

_____

| Appearances: | Michelle Kainen, Esq.<br>Kainen Law Office, PC<br>White River Junction, VT<br>For the Debtor | Heather Z. Cooper, Esq.<br>Kenlan, Schwieber, Facey<br>  & Goss, PC<br>Rutland, VT<br>For the Moving Creditor | Kevin Purcell, Esq.<br>Office of the U.S. Trustee<br>Albany, NY<br>For the U.S. Trustee |
|---|---|---|---|

## ORDER
### GRANTING CREDITOR'S SUPPLEMENTAL MOTION TO DISMISS CASE

      On May 4, 2009, Capmark Finance Inc. ("Capmark") filed an Objection to the Adequacy of Information in the Debtor's Proposed Disclosure Statement and Plan and a Renewed Motion to Dismiss[1] (doc. # 159). Capmark asserts, <u>inter</u> <u>alia</u>, that within the legal framework established by the Bankruptcy Code, the Debtor has no prospect of a successful reorganization, particularly because "the Debtor does not have an impaired class of non-insider creditors willing to approve the proposed Plan." <u>Id</u>. pp. 18-19. Capmark then cites decisions that hold that if a plan on its face is nonconfirmable as a matter of law – which a plan would be if it did not have an impaired class of non-insider creditors who would approve the plan (since Capmark will not consent to its treatment) – then in such situations, it is appropriate for a bankruptcy court to dismiss the case. <u>Id.</u> at 19. On May 11th, in compliance with the Court's May 7th <u>Sua Sponte</u> Case Management Order, Capmark filed a Notice of Motion (doc. # 167) to set an objection deadline and hearing date on its Renewed Motion to Dismiss. On June 15th, the U.S. Trustee's Office filed a Response to Capmark's Renewed Motion to Dismiss, in which the U.S. Trustee supported dismissal of the case based upon her position that the Debtor's Amended Plan is not confirmable pursuant to 11 U.S.C. § 1129, as a matter of law (doc. #186). The Debtor has not filed a separate memorandum in opposition to Capmark's Renewed Motion to Dismiss. Rather, in its Response to Capmark's Objection to the Amended Disclosure Statement, the Debtor asserts that "[t]he dismissal issues were litigated a short while ago in this case. Nothing new has arisen since that time. The court denied the creditor's motion and similarly it should be denied now" (doc. # 187, p. 6).

---

[1] On March 5, 2009, Capmark filed its first motion to dismiss, based primarily on the Debtor's alleged bad faith in filing its chapter 11 case (doc. # 111); the Debtor objected (doc. # 138), and the Court entered a Memorandum of Decision and Order denying the motion (doc. ## 147, 148). The motion before the Court today is Capmark's renewed motion to dismiss, seeking dismissal on different grounds than were pled previously.

In In re 266 Washington Assocs., 141 B.R. 275 (Bankr. E.D.N.Y. 1992), a single asset chapter 11 real estate case, the creditor sought relief from stay and the debtor pressed forward with a hearing on its amended disclosure statement. The bankruptcy court found that the debtor's reorganization plan before the court at that time, as well as any other reorganization plan that debtor might file, was unconfirmable due to the debtor's "inability to obtain the requisite acceptances by at least one validly classified class of claims that is impaired." Id. at 276. Accordingly, the court denied approval of the disclosure statement, as it described a plan which could not be confirmed, held that since the debtor was unable to propose a confirmable plan, the chapter 11 served no further purpose, and entered an order dismissing the case. Id. at 276. 288-89.

This Court has been extremely patient with the Debtor, as the Code favors reorganizations, and the Court believes, as a matter of policy, that the statute should be construed in furtherance of its rehabilitative purposes. However, there comes a tipping point where the Debtor must demonstrate that it is able to effectuate a plan. In this case, the Debtor has had two opportunities to set forth an adequate disclosure statement and to propose a confirmable plan. The Debtor has addressed several of the alleged deficiencies identified by Capmark and the U.S. Trustee in their respective oppositions to the Disclosure Statement and the Amended Disclosure Statement. However, the Debtor has not offered an adequate or legally compelling rationale for why it has classified Capmark's unsecured claim separately from the claims of other unsecured creditors. This failing has led the Court to conclude that the Debtor's Amended Plan impermissibly gerrymanders the classes to insure an affirmative vote on reorganization (see Order Denying Debtor's Motion to Approve Adequacy of the Disclosure Statement). As the 266 Washington Assocs. Court found, if the debtor is "unable to effectuate any plan which can be confirmed," that is "a proper basis for dismissal under 11 U.S.C. § 1112(b)(2)." 141 B.R. at 288. That court went on to say, "Bankruptcy courts are not required to retain Chapter 11 cases on their dockets which cannot achieve their raison d'être, i.e., confirmation of a reorganization plan." Id. In that case, the court dismissed the case sua sponte pursuant to § 105(a). Id.

The Court finds that given the inability of the Debtor and its primary – and sole – secured creditor to reach an agreement on terms of a reorganization plan for the Debtor, and the § 1129 requirement for an impaired class to accept the plan, a successful reorganization by the Debtor under Chapter 11 is simply not possible. The parties have each zealously pursued the remedies available under the Bankruptcy Code, based upon the parties' respective interests and the circumstances of this case. In light of the protracted and antagonistic state court litigation history between the parties, the Court directed the Debtor and Capmark to make a good faith effort at mediation in the bankruptcy case, in the hope that in a new forum the parties might be able to find common ground and a reorganization formula that would meet the needs of both parties better than a continuation of the foreclosure process and forced liquidation of the Debtor's assets to satisfy the Capmark debt. Counsel for the two parties did so and were unable to reach an agree-

ment (see doc. # 191). After two opportunities to present a plan and disclosure statement, it is clear that the Debtor has put forward the only approach to reorganization available to it (i.e., payment of the secured portion of Capmark's debt amortized over twenty-five years, payments made for 36 months, and a $2.3 million balloon payment at the end of three years). It is equally clear that Capmark will not consent to any such restructuring of its debt. If Capmark, in its capacity as the holder of the only secured claim and of 97% of unsecured claims, opposes the Debtor's reorganization, it can prevent the Debtor from reorganizing under Chapter 11 by voting against the Plan. That is the prerogative of creditors in voting on chapter 11 plans and is illustrative of how Congress balanced the rights of chapter 11 debtors and creditors. See 500 Fifth Ave. Assocs., 148 B.R. at 1020 (rejecting debtor's argument that if all unsecured claims were classified together, the enormous deficiency claim of the undersecured lender would dominate the vote and the chances of finding another assenting impaired class would be virtually impossible – in other words, that creditor would have a veto power over the debtor's ability to confirm a plan).

For the foregoing reasons,

THE COURT FINDS that there is no reasonable likelihood of rehabilitation or reorganization in this case, and that Capmark and the U.S. Trustee have established "cause" for dismissal, pursuant to 11 U.S.C. § 1112(b)(1).

THE COURT FURTHER FINDS that the Debtor has not established there is a reasonable likelihood that a plan will be confirmed within a reasonable time frame, which would have warranted denial of the Renewed Motion to Dismiss, pursuant to 11 U.S.C. § 1112(b)(2).

Accordingly, IT IS HEREBY ORDERED that this Chapter 11 case is dismissed.

SO ORDERED.

_____

July 6, 2009                                                Colleen A. Brown
Rutland, Vermont                               United States Bankruptcy Judge